

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-83,297-01

### EX PARTE BRADLEY DALE DUFNER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 18401-A (1) IN THE 329TH DISTRICT COURT
### FROM WHARTON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to aggravated assault of a public servant in exchange for deferred adjudication community supervision. He was later adjudicated guilty and sentenced to ten years' imprisonment. A new trial was granted, and he was again adjudicated guilty and this time sentenced to eight years' imprisonment. He did not appeal his conviction.

Applicant contends that his trial counsel rendered ineffective assistance because counsel

would not allow Applicant's wife to testify on his behalf, but advised Applicant to plead guilty in exchange for deferred adjudication community supervision. Applicant alleges that his wife would have provided exculpatory testimony. He also alleges that video from the complainant's polie vehicle would have showed that he did not strike the complainant. Applicant alleges that counsel would not allow Applicant's wife or family members to be present or testify at the adjudication hearing, and promised Applicant that he would receive nine months in a rehabilitation facility if he pleaded "true." Applicant alleges that after he was adjudicated guilty and sentenced to ten years' imprisonment, he was coerced into waiving his right to appeal in exchange for a reduction of the sentence to eight years' imprisonment.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant waived his right to appeal in exchange for a reduction of his sentence after adjudication, and if so, shall supplement the record with copies of any written waivers or plea agreements. The trial court shall also make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also

make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: June 10, 2015
Do not publish